IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TESSERA, INC. ) | |
| ) | Case No. MS- 06-6004-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| MICRON TECHNOLOGY, INC., ) | |
| a Delaware Corporation, Micron ) | |
| Semiconductor Products, Inc., an ) | |
| Idaho Corporation, Infineon ) | |
| Technologies AG, a German Corp. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it a motion to partially quash the subpoena served to Jeffrey Mailloux which seeks certain documents and his deposition testimony on March 8, 2006. (Docket No. 1). Mr. Mailloux seeks to quash the portion of the subpoena which compels his deposition testimony as well as a protective order that his deposition not be taken until he medically is able to withstand the stress of a deposition. For the reasons expressed below, the Court will deny both motions provided that Tessera will provide certain accommodations to Mailloux during the

**Memorandum Decision and Order – Page 1**

deposition.

## ANALYSIS

Plaintiff Tessera, Inc. (Tessera) seeks damages against Micron Technology, Inc., (Micron) and others for patent infringement and violations of the Sherman Act and the Texas Antitrust Act of 1983. Although Mailloux was last employed by Micron in April 2001, Plaintiff seeks to depose Mailloux because he was Micron's Director of Marketing when the alleged violations occurred.

Plaintiff claims it needs to take the deposition of Mailloux because he was directly involved in an antitrust conspiracy on behalf of defendant Micron. Plaintiff argues that because Mailloux personally participated in communications with Micron's competitors in a one-on-one correspondence, he is uniquly situated to provide information relevant both to Micron's pricing and output of product involved in the alleged violations. Plaintiff further argues that because Mailloux had personal communications with Micron competitors in the industry organizations in which manufacturers colluded to harm Tessera, his testimony is unique and cannot be replaced with past incomplete depositions, other Micron employees' depositions or documents in Mailloux's possession.

Mailloux seeks protection under Federal Rule of Civil Procedure 26(c) from that portion of the subpoena which compels his deposition testimony. Mailloux

**Memorandum Decision and Order – Page 2**

has not worked since April 6, 2001, when he had a nervous breakdown during a two-day discovery deposition for litigation that involved Micron.  On the date of his breakdown Mailloux was acting as Director of Computing Products for Micron's consumer group dealing directly with the product involved in the current litigation.  Dr. L. Mark Kimsey believes that Mailloux would "probably decompensate further than he already has under his previous experiences" if he were to be put in the stressful situation of a deposition again.  *See* report of L. Mark Kimsey, M.D., dated February 22, 2006, attached to the Ellis affidavit as Exhibit 3.

On February 24, 2006, plaintiff Tessera made an offer to Mailloux to reduce the stress of the deposition, which Mailloux refused.  *See* Stockinger Affidavit ¶ 4 & Ex. A.  Tessera's counsel then called Mailloux's counsel and proposed that: (1) Mailloux could determine the location of the deposition, including his home; (2) Mailloux could have whomever he chooses, including Dr. Kimsey, join him at the deposition; (3) the deposition would be limited to no more than four hours; (4) only one attorney from Tessera would be present to question Mailloux; and (5) the scope of the questioning would be provided in advance of the deposition.  *See* Jenkins Affidavit Ex. A.  Mailloux has refused to compromise because "depositions by their very nature are upsetting."  Stockinger Affidavit ¶ 8.

**Memorandum Decision and Order – Page 3**

Tessera has a right to have a compulsory process for obtaining witnesses in its favor. *See Branzburg v. Hayes,* 408 U.S. 665 (1972). This includes the right to command both testimony and the production of documents. *See* Fed.R.Civ.P. 26(b). The right to compel the production of documents and depositions can be limited by Rule 26(b)(2), which gives this Court the ability to limit the discovery sought if it is unreasonably cumulative, obtainable from another source that is less burdensome or the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed.R.Civ.P. 26(b)(2).

With regard to subpoenas to compel testimony, case law suggests there must be a strong showing before a party will be denied entirely the right to take a deposition. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Further, "several courts have noted that the total prohibition of a deposition is an extraordinary measure not to be lightly undertaken by a court." *Jennings v. Family Management,* 201 F.R.D. 272, 276 (D.D.C. 2001). "In determining whether good cause exists for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and nonparties." *Quair v. Bega,* 232 F.R.D. 638, 641 (E.D. Cal. 2005).

In measuring the importance of Mailloux's testimony and his unique insight that he can give to the case at hand against his fragile, but improving, condition

**Memorandum Decision and Order – Page 4**

where he is no longer an acute danger to himself, Mailloux has failed to convince the court that this is an extraordinary situation in which he could not testify. *See* Stockinger Affidavit Ex L (November 1, 2005 Progress Notes) and Ellis Affidavit Ex 3. Combined with a lack of information to indicate this is an extraordinary situation, plaintiff Tessera has made offers to assure Mailloux that the deposition will be in a comfortable environment with his doctor present.

The Court believes that Mailloux's testimony is important to Tessera's case at hand. Taking into account Mailloux's improving situation and plaintiff's willingness to create a hospitable environment for Mailloux's deposition, the Court does not see this as a situation which justifies barring Tessera from taking Mailloux's deposition.

The Court will therefore deny the motion to partially quash the subpoena seeking to block the testimony of Jeffrey Mailloux and motion for protective order provided that Tessera performs the deposition with the five accommodations listed above and described in Jenkins Affidavit Ex. A.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to quash subpoena and motion for protective order (Docket No. 1) be DENIED.

**Memorandum Decision and Order – Page 5**

DATED: **April 21, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court